U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 14 2015

TONY R. MOORE, CLERK
BY _____
           DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| IVORY LANE SIMON (#505008) | DOCKET NO. 15-cv-2191; SEC. P |
| VERSUS | JUDGE DRELL |
| MONA HEYSE, ET AL | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se Plaintiff, Ivory Lane Simon, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 13, 2015. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections, and he is incarcerated at the Winn Correctional Center ("WNC") in Winnfield, Louisiana. He complains, generally, that his legal mail was intercepted and censored in violation of his constitutional rights.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that he filed an administrative remedy with the Warden's office regarding access to the law library. On June 17, 2015, he received a notice that his grievance had been rejected due to insufficient information provided. [Doc. #1, p.15] Plaintiff sent a letter to the Secretary of Corrections on June 24, 2015, asking that the rejection of his grievance be overturned. [Doc. #1, p.13-14] He claims that he placed the letter to the secretary in the mail in June 2015, addressed to Secretary James LeBlanc, marked

"LEGAL MAIL." [Doc. #1, p.12] He alleges that Defendant Anderson opened his envelope and read the letter. Then, instead of sending it to the Secretary as addressed, Anderson forwarded the document to Mona Heyse. Plaintiff states that Heyse made a notation on the document that Plaintiff's grievance can proceed if he provides the information as stated in the rejection notice. Heyse then returned the document, which was intended for the Secretary, to the plaintiff.

## Law and Analysis

To the extent that Plaintiff complains that he was denied his right to the grievance procedure, his claim fails. An inmate has no constitutional right to a grievance procedure, and has no due process liberty interest in having his grievance resolved to his satisfaction. See Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir. 2005).

Plaintiff names Warden Morgan as a defendant. He claims that, as warden, Morgan is responsible for the operation of the prison and supervision of employees. He claims that Morgan is therefore liable for the actions of Anderson and Heyse. Supervisors may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in the plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. denied, 508 U.S. 951 (1993). Plaintiff has

not presented allegations of affirmative participation by Morgan or the implementation of unconstitutional policies by Morgan. Thus, there are no allegations that would support liability of Warden Morgan.

Plaintiff mentions that his mail was intercepted in retaliation for utilizing the grievance process. "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." McDonald v. Steward, 132 F.3d 225, 231 (5th Cir.1998). When the defendants returned Plaintiff's document, they actually instructed Plaintiff on how to amend his grievance so that it could be properly addressed rather than rejected for a lack of information. Thus, Plaintiff's claims do not allege that the defendants intended to retaliate against him.

Plaintiff's complaint that Anderson opened his outgoing legal mail, removed documents, and forwarded them to Heyse could state a First Amendment claim. Likewise, his complaint that Heyse returned his documents to him rather than sending them to the intended recipient, Secretary LeBlanc, could state a constitutional claim. Those claims will be served on Defendants Anderson and Heyse. See e.g., Taylor v. Sterrett, 532 F.2d 462 (5th Cir. 1976).

3

*Conclusion*

Thus, for the foregoing reasons, **IT IS RECOMMENDED** that **the following claims** be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A: Plaintiff's claims against Warden Morgan; Plaintiff's retaliation claim against all defendants; and Plaintiff's claim that he was denied access to the grievance process. **Plaintiff's First Amendment claim should be served on Defendants Heyse and Anderson by separate order.**

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS**

**ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 14th day of December, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE